UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HENRY HARPER                                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:20-CV-575-KHJ-RHWR

KILOLO KIJAKAZI, Acting Commissioner of                          DEFENDANT
Social Security

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United

States Magistrate Judge Robert H. Walker. [16]. For the reasons stated, the Court

adopts the Report's findings and recommendation.

I.      Facts and Procedural History

Plaintiff Henry Harper applied for disability insurance and supplemental

security income, alleging disability beginning in March 2011. *Id.* at 1. An

Administrative Law Judge ("ALJ") held a hearing, during which Harper and a

vocational expert testified. *Id.* at 2. The ALJ denied Harper's claims, and the

Appeals Council denied Harper's request for review. *Id.* Harper appealed,

challenging the ALJ's finding that Harper "can lift or carry [fifty] pounds

occasionally and [twenty-five] pounds frequently" and the ALJ's finding that the

opinions of Harper's treating physician, Dr. Obie McNair, were unpersuasive. *Id.* at

3.

The Magistrate Judge first found, "substantial evidence supports the [ALJ's] finding that [Harper] can lift or carry [fifty] pounds occasionally and [twenty-five] pounds frequently." *Id.* at 6. Harper argues the ALJ did not incorporate all the functional restrictions described by the consultative examiner, Dr. Allison Williams, into the residual functional capacity ("RFC") evaluation. *Id.* at 6. Namely, Harper contends the RFC evaluation did not include Dr. Williams's finding that Harper could not lift more than five pounds with his right upper extremity. *Id.* But contrary to this argument, the Magistrate Judge points out that Dr. Williams's report did not have a lifting and carrying restriction. *Id.* at 7. The report also had "open-ended, non-objective wording," stating, "it would be expected that the claimant's functional status may be somewhat limited as it pertains to lifting and carrying more than [five] pounds in his right arm." *Id.* The ALJ also relied on a page of Dr. Williams's report, describing Harper's normal muscle strengths. *Id.* Finally, the ALJ cited to other physician reviewers' opinions, confirming that Harper could lift or carry fifty pounds occasionally and twenty-five pounds frequently. *Id.* The Magistrate Judge therefore held that the ALJ's decision was supported by substantial evidence. *Id.*

Second, the Magistrate Judge found that the ALJ properly evaluated Dr. McNair's opinion. *Id.* at 8. Harper contends that the ALJ did not provide any citations or analysis to support the finding that Dr. McNair's opinion was unpersuasive. *Id.* The Magistrate Judge disagreed, finding that the ALJ thoroughly reviewed the basis of Dr. McNair's opinion. *Id.* at 8-9. Based on this, the Magistrate Judge concluded that the ALJ addressed each medical opinion, including Dr.

2

McNair's, and prior administrative findings. *Id.* at 9. The ALJ also articulated her conclusions about supportability and consistency, which are factors for determining a medical opinion's persuasiveness. *Id.* at 5, 9. In sum, the Magistrate Judge recommends that the Court affirm the ALJ's decision to deny Harper's claims and dismiss Harper's appeal with prejudice. *Id.* at 10. Harper timely objected to the Report, [17], and the Commissioner of Social Security did not respond.

## II.    Standard

The Court reviews de novo the portions of the Magistrate's Report to which Harper objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)). The Court need not consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles*, 677 F.2d at 410 n.8). Further, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

The Court limits its review of social security appeals to two basic inquiries: (1) whether there is substantial evidence in the record to support the Commissioner's decision; and (2) whether the decision comports with relevant legal

standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "more than a scintilla, less than a preponderance" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citation omitted). The Court must examine the entire record but refrain from "re-weighing the evidence or substituting its judgment for that of the [ALJ]." *Ripley v. Charter*, 67 F.3d 552, 555 (5th Cir. 1995). "Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve." *Martinez v. Charter*, 64 F.3d 172, 174 (5th Cir. 1995). And so, if the Commissioner's decision is supported by the evidence and comports with relevant legal standards, the decision and conclusion and must be upheld by this Court. *See Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), *overruled on other grounds*, *Sims v. Apfel*, 530 U.S. 103 (2000).

III.    Analysis

Harper makes two objections to the Report. First, Harper objects to the Magistrate Judge's finding that the ALJ adequately evaluated Dr. Williams's consultative examination. [17] at 2. Second, Harper objects to the Magistrate Judge's finding that the ALJ adequately evaluated Dr. McNair's opinion. *Id.* at 5.

a.   First Objection

Harper objects to the Magistrate Judge's finding that the ALJ did not have to consider Dr. Williams's statement about lifting or carrying no more than five pounds because Dr. Williams did not incorporate the restriction into the final

paragraph of her report. *Id.* at 2. Specifically, Harper notes that Dr. Williams's findings about lifting are in the last section of her report. *See* Admin. Record [8] at 438. Harper further points out that Dr. Williams did not make findings about lifting and carrying in the final paragraph because she already addressed it previously, and the Commissioner did not provide a regulation or administrative guidance requiring that the limitation must be included in a report's final paragraph for it to be a valid opinion. *Id.* at 3. As to the Magistrate Judge's determination that Dr. Williams used "open-ended, non-objective wording," Harper maintains that Dr. Williams examined him one time, so she would be unable to make a definitive statement about Harper's ability to engage in lifting and carrying. *Id.*

Contrary to Harper's argument, substantial evidence supports the ALJ's determination that Harper can lift or carry fifty pounds occasionally and twenty-five pounds frequently. The ALJ relied on portions of Dr. Williams's report, which described Harper's normal muscle strength in all extremities based on strength tests and summarized such findings in the hearing decision. [8] at 21. The ALJ also summarized Harper's testimony, which included no allegations that he could not lift or carry. *Id.* When Harper elaborated about his inability to work due to his diabetes, he did not mention right upper extremity pain or a lifting or carrying limitation. *Id.* Lastly, the ALJ relied on the opinions of agency physician reviewers, Glenn James, M.D., and Cherilyn Herbert M.D. *Id.* Both determined that Harper could lift or carry fifty pounds occasionally and twenty-five pounds frequently. *Id.* at 124, 166.

In sum, substantial evidence supports the ALJ's determination. Accordingly, the Court adopts this portion of the Magistrate Judge's Report.

      b.  Second Objection

Harper also argues the Magistrate Judge incorrectly held that the ALJ adequately evaluated Dr. McNair's opinion to conclude that it was unpersuasive. [17] at 5. Specifically, Harper contends the ALJ did not clearly explain how Dr. McNair's opinion conflicted with the treatment records. *Id.* at 6. And Harper points out that the treatment records are consistent with Dr. McNair's determination that Harper would be unable to stand for more than twenty minutes or lift more than ten pounds. *Id.* at 6-7.

A treating physician's evaluation should receive great weight, though not conclusive. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). A treating physician's opinion about the nature and severity of a patient's impairment is given controlling weight, provided it is "well-supported by medically acceptable[,] clinical[,] and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. § 404.1527(d)(2). But "the ALJ has sole responsibility for determining a claimant's disability status," and therefore, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990); *Newton*, 209 F.3d at 455.

Contrary to Harper's argument that the ALJ did not supply any citations or analysis to support her finding, the ALJ devoted an entire paragraph to

summarizing and analyzing Dr. McNair's opinion, while also citing specific exhibits in the record. *See* [8] at 18. The ALJ also compared Dr. McNair's opinions with the opinions of Drs. Williams, James, and Herbert, concluding that Dr. McNair's opinions conflicted with that of the other three physicians. [8] at 21. *See* 20 C.F.R. § 404.1527(f)(2)(i) ("State agency and psychological consultants and other program physicians are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."). The ALJ thoroughly summarized these findings. *See* [8] 18-20. After review of the record, the ALJ's finding that Dr. McNair's opinion was unpersuasive is supported by substantial evidence. The Court therefore adopts this portion of the Magistrate Judge's Report.

In sum, the Court agrees with the Magistrate Judge's determination that the ALJ's decision should be affirmed because it is supported by substantial evidence and comports with relevant legal standards.

IV.    Conclusion

After review of the record, the Court, being fully advised in the premises, findings that the Report and Recommendation is neither clearly erroneous nor contrary to law and should be adopted as the opinion of the Court.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [16] of United States Magistrate Judge Robert H. Walker, entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that this case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 28th day of January, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE